UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ALEXANDER ROSADO,**

    Plaintiff,

v.   CASE NO.:

**TY COMM SOUTHEAST, LLC,
EDGAR G. JUSINO, an individual, and
SARAH J. GRIMSLEY, an individual,**

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ALEXANDER ROSADO ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, TY COMM SOUTHEAST, LLC ("Defendant Ty Comm"), Defendant EDGAR G. JUSINO, an individual ("Defendant Jusino"), and Defendant SARAH J. GRIMSLEY ("Defendant Grimsley') and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. Venue is proper in this Court because all the events giving rise to these claims occurred in Duval County, within this judicial district.

## PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant Ty Comm is a Florida limited liability company with its principal address in Jacksonville, in Duval County, Florida.

5. Defendant Jusino is an authorized member at Defendant Ty Comm and oversaw Plaintiff's job duties.

6. Defendant Grimsley is an authorized member at Defendant Ty Comm and manages the payroll for Defendant Ty Comm.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendant Ty Comm was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Through the exercise of dominion and control over all employee-related matters at Defendant Ty Comm in their individual capacities, Defendant

Jusino and Defendant Grimsley were also "employers" within the meaning of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. Defendants continue to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant Ty Comm was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendant Ty Comm exceeded $500,000 per year.

17. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant Ty Comm.

18. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

## FACTS

19. Plaintiff began working for Defendants as a locator/drill operator in February 2022, and he worked in this capacity until October 2022.

20. At various times material hereto, Plaintiff worked more than forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

21. Defendants failed to pay Plaintiff an overtime premium for any of the overtime hours he worked, in violation of the FLSA.

22. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA.

23. In exchange for Plaintiff's services, Defendant Ty Comm agreed to pay Plaintiff $400 per day.

24. On multiple occasions, Defendant Ty Comm willfully failed to pay Plaintiff all his earned wages.

25. Plaintiff's unpaid daily rate constitutes "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

## COUNT I – FLSA OVERTIME VIOLATION
*(Against all Defendants)*

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a)    Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

    c)    An equal amount to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendants' practices as to Plaintiff were unlawful;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

**COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW**
(*Against Defendant Ty Comm*)

30.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31.    Plaintiff worked for Defendant Ty Comm during the statutory period, and Defendant agreed to pay Plaintiff for Plaintiff's services.

32.    Defendant Ty Comm failed to compensate Plaintiff with all "wages" owed to Plaintiff, including Plaintiff's unpaid daily rate.

33.    As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant Ty Comm for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of June, 2023.

Respectfully submitted,

*/s/ Ashwin R. Trehan*
Ashwin R. Trehan
Florida Bar No. 42675
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-774-3391
Facsimile No.: 813-229-8712
Email: atrehan@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**

6